## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MATOI WHEATON and LASHION JENKINS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | No. 10 cv 02415 |
| CHICAGO HOUSING AUTHORITY, a Municipal ) | |
| Corporation; ILLINOIS QUADEL CONSULTING ) | Honorable Ronald A. Guzman |
| CORPORATION, an Illinois Corporation; and ) | |
| CVR, INC., an Illinois Corporation, ) | Magistrate Judge Maria Valdez |
| ) | |
| Defendants. ) | |

### ORDER

This cause coming on for presentment of Lashion Jenkins' motion for a Temporary Restraining Order; both plaintiff Lashion Jenkins and defendants appearing through counsel; the Court having heard argument on the motion; the Court having considered the same and being fully advised in the premises;

THE COURT FINDS, FOR PURPOSES OF THIS TEMPORARY RESTRAINING ORDER ONLY, THAT:

1. Ms. Jenkins has shown a greater than negligible likelihood of success on the merits of her claim that Defendants did not have authority under 24 C.F.R. § 982.555 to terminate her participation in the Housing Choice Voucher (HCV) program.

2. Ms. Jenkins is likely to suffer irreparable harm, for which there is no adequate remedy at law, because Ms. Jenkins cannot afford full market rent and without continued participation in the HCV program, she and her household will become homeless.

3. The balance of harms weighs in Ms. Jenkins' favor in that the harm to Ms. Jenkins should she become homeless due to her loss of HCV assistance is far greater than the harm to defendants if required to manage their program with Ms. Jenkins' continued participation.

4. The public interest would not be disserved by allowing Ms. Jenkins to continue her participation in the HCV program.

5. A writ of injunction should issue without bond for good cause shown in that plaintiff is indigent.

WHEREFORE, IT IS HEREBY ORDERED THAT:

A. Defendants and their agents, employees, attorneys or assigns as well those persons in active concert or participation with them are enjoined from refusing to reinstate Ms. Jenkins in the Housing Choice Voucher program, to the extent that if she is evicted from her current apartment, Ms. Jenkins will be provided HCV assistance so that she can move to another apartment.

B. This order shall issue without bond for good cause shown.

C. This order shall be in effect for no more than 10 days, or until hearing on plaintiff's motion for a preliminary injunction, whichever is sooner.

D. All other matters are reserved.

ENTER: 4/29/10

*[signature]*